Jones, J.
The motion to vacate the default judgment was made at the same term wherein it was rendered, but not disposed of until a subsequent term. *190 The plaintiff recovering the judgment sought the error jurisdiction of the court of appeals. But at no stage of the case, either in the nisi prius court or in the court of appeals, did the plaintiff definitely predicate error upon the ground that the court granting the vacation abused its discretion in so doing. The petition in error was dismissed by the court of appeals, but it does- not appear whether that court dismissed the proceeding because there was no “judgment” comprehended within the provisions of our present constitution, or because the order of vacation was not a final order.
The judicial article of our present constitution, Section 6, Article TV, provides that the court of appeals shall have jurisdiction “to review, affirm, modify or reverse the judgments of the courts of common pleas,” etc. In their brief counsel for defendant in error state the question involved as follows: “The only question in this case is the meaning of the word ‘judgment’ in Section 6 of Article IV of the Constitution of Ohio as amended in 1912.” However the same counsel contend that if the word “judgment” in that article is broadly construed so as to comprehend final orders, no such final order as would be reviewable by the court of appeals was made by the court of common pleas. On the other hand, counsel for plaintiff in error ask that the word “judgment” in the judicial article “should be given a broad and not a restricted meaning.”
In the case of Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, this court decided that the court of appeals acquired its jurisdiction under the terms of Section 6, Article IV aforesaid, and that the general assembly had no power either to enlarge or to limit *191 that jurisdiction. The doctrine was approved by this court in later cases. Prior to the adoption of the Constitution of 1912 the Code provided (Section 12247) that judgments and final orders made by the courts, of common pleas were reviewable by the courts of appeal. At the time of the adoption of that constitution our legislature had given specific definition to the terms “judgment” and “final order. ’ ’
Section 11582, General Code, defined a judgment to be “ a final determination of the rights of the parties in action. ’ ’ Section 12258, General Code, defined a final order to be one (a) “affecting a substantial right in an action, when in effect it determines the action and prevents a judgment,” or (b) “an order affecting a substantial right” made either in a special proceeding or upon a summary application in an action after judgment.
In the instant case, while the action of the common pleas court in rendering judgment by default would be a judgment, its subsequent action in setting aside such default upon the summary application of the defendant, came within the definitive term of the latter section and was an order as therein defined.
It is here contended by defendant in error that by the use of the term “judgments” in the Constitution of 1912, final orders were thereby definitely excluded and are no longer reviewable. While this phase of the controversy was not before us it was queried by the judge delivering the opinion in Thompson v. Denton, 95 Ohio St., 333, 340. Were we to give a restricted meaning to the term “judgment,” employed in said Section 11582, we might be forced to the conclusion that those who wrote the *192 Constitution of 1912 did not intend to embrace final orders as being within the appellate jurisdiction of the supreme court and the court of appeals.
When the provisions of the judicial article were under consideration by the Constitutional Convention there is nothing in the history of that body, nor in its discussion, which tends to show that an order affecting the substantial rights of litigants, whether made in an action, or in a special proceeding, or in a summary action after judgment, could not thereafter be reviewed by a higher court. On the other hand, both in its discussion and in its submission to the people stress was laid upon the fact that a litigant should have both trial and review.
We appreciate the gravity of the legal problem here involved. But in its solution this court cannot adopt a construction so narrow as to deprive litigants of remedies enjoyed since the adoption of our civil code of procedure. Our bench and bar of this and preceding generation knew that the definitions of “judgments” and “final orders” had been en-grafted upon our civil code and that our remedial procedure embraced the review of final orders; and undoubtedly those who framed the Constitution of 1912 did not contemplate a restriction of those civil remedies continuously employed for a period of more than sixty years. While we may not permit the conferment of legislative jurisdiction upon the court of appeals under our present constitution, it is permissible to define the term “judgments” as used in the constitution. At common law the term was used in a restricted sense. Lexicographers And courts have variously defined it, some giving it a restricted and others a broad and comprehensive meaning. We are *193 satisfied that in order to effectuate the purpose of those who framed this amendment, and in order to promote the object of the people in its adoption, a technical definition should be disregarded (and a broad and comprehensive meaning should be adopted. "We, therefore, hold that it comprehends decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby. Were we to arrive at any other conclusion than herein announced a review of a large number of final orders affecting the substantial rights of litigants would be denied.
An examination of the reported cases in this state will disclose that there are a large number of final orders which have always been reviewable by our appellate courts, and, if we should hold to the strict definition of the term “judgment,” as contended for, not only would the right of review be denied to litigants in such cases, but the legislature would be powerless to provide a remedy by proceedings in error. And while this feature of the case has not been heretofore decided by this court, final orders made since the adoption of our amended constitution have been reviewed by the court of appeals and the supreme court in the following, cases: Continental Tr. & Sav. Bk. Co. v. Home Fuel & Supply Co., 99 Ohio St., 453 ; Gorey v. Blacky 100 Ohio St., 73, and First National Bank of Dunkirk v. Smith, 102 Ohio St., 120.
The motion for vacation was made at the same term at which the judgment was rendered. Was the order of vacation though made at a subsequent term a final order which is subject to review? When the defendant filed its motion to vacate, its rights were *194 fixed at that time, although its motion was not disposed of until after the term had expired. (Niles v. Parks, 49 Ohio St., 370.) During that term the court had control of its journal entries, and any order made by it vacating a judgment and granting a new trial would not be erroneous unless there was an abuse of discretion upon the part of the court. First Natl. Bk. of Dunkirk v. Smith, supra.
In the absence of such abuse, prejudicial to the plaintiff, there was no final order, for the plaintiff would have had a retrial of the case and might have obtained a judgment against the defendant. Counsel for plaintiff in error have cited cases- wherein an order of vacation was held to be a final order and reviewable. Braden v. Hoffman, 46 Ohio St., 639; Hettrick v. Wilson, 12 Ohio St., 136, and Van Ingen v. Berger, 82 Ohio St., 255.
In the cases cited, however, it would appear that the motions for vacation and their disposition were made at a term subsequent to that wherein judgment was rendered. This distinction is made in the following cases: Huntington & McIntyre v. W. M. Finch & Co., 3 Ohio St., 445, and Van Ingen v. Berger, supra. In the former case the syllabus reads: ‘ ‘ The discretionary control of the court of common pleas over its own orders and judgments during the term at which they are entered, .ends with the term; and the power of the court to set aside or vacate its judgments subsequent to the judgment term, is governed by settled principles, to which the action of the court must conform, and for a departure from which, a judgment or order of the court may be subject to reversal on proceedings in error. ’ ’
In the Van Ingen case, while holding the order of vacation to be a final order because made after the *195 term, Judge Spear, at page 259, distinguishes the principle in the following language: “As to the court’s control over its journal, and the judgments and orders thereon, the general rule is well settled. It is that during the term the discretionary power to vacate or set aside its judgments is ample, but that discretionary power ends with the term, and the power to set aside a judgment on a motion made after the term is governed by settled principles to which the action of the court must conform. ’ ’
Under the principle laid down in the Continental and Dunkirk Bank cases, supra, a motion for vacation filed during the term the default judgment was rendered was held to be equivalent to a motion for a new trial, and the order of the court was not subject to error proceedings unless there was an abuse of discretion in the order vacating the judgment. In this case the plaintiff did not predicate error upon any such ground. No such question was made in the trial court on the motion to set aside the judgment of vacation, or in the court of appeals in the petition in error. The sole question argued in this court has been the legal one whether or not a final order under the provisions of our present constitution is reviewable by the court of appeals. Under that phase of the cáse, the court of appeals might well have held, since the abuse of discretion was not urged, that there was no final order which gave it jurisdiction, and in that aspect of the case it did not err when it dismissed the petition in error filed by the plaintiff below.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Matthias, JJ., concur.